IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



FILED IN OFFICE

FEB 0 6 2009

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

EDDIE W. HOLCOMB, SR.,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY, F/K/A, NORFOLK
AND WESTERN RAILWAY
COMPANY, AND SOUTHERN
RAILWAY COMPANY, and
NORFOLK SOUTHERN
CORPORATION

    Defendant.

CIVIL ACTION
FILE NO. _2009CV164484_



NS LAW DEPARTMENT
MAR 06 2009
NORFOLK

## COMPLAINT FOR DECLARATORY JUDGMENT

Eddie W. Holcomb, Sr., Plaintiff in the above-captioned action, for his

Complaint for Declaratory Judgment against this named Defendant alleges

and states as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff Eddie W. Holcomb, Sr. is a resident of Dallas, Paulding

County, Georgia.

### 2.

Defendant Norfolk Southern Railway Company is a foreign

corporation with its principal place of business in Norfolk, Virginia and its

main claims office for Georgia in Fulton County, Georgia. The negotiations and contracts relevant to this action originated in Fulton County, Georgia. Defendant NS regularly conducts business in Georgia and entered the contract about which this action relates in Georgia. Defendant NS is subject to the jurisdiction of this court, venue is proper, and it may be served with summons and complaint as allowed by law.

3.

Defendant Norfolk Southern Corporation is a foreign corporation with its principal place of business in Norfolk, Virginia. Defendant NSC regularly conducts business in Georgia and entered the contract about which this action relates in Georgia. Defendant NS is subject to the jurisdiction of this court, venue is proper, and it may be served with summons and complaint as allowed by law.

## FACTUAL BACKGROUND

4.

Prior to March 30, 1987, Plaintiff was employed as an engineer by the subsidiary of Norfolk Southern Corporation now known as Norfolk Southern Railway Company (hereinafter "Defendant" or the "Railroad").

2

**5.**

On and June 25, 1984, and on June 8, 1986, Plaintiff was injured in the course of his employment for the Railroad Defendants.

**6.**

As a result of his injuries, Plaintiff pursued damages under the Federal Employers Liability Act, 45 U.S.C. § 51, et. seq.

**7.**

On March 30, 1987, Plaintiff entered a Release of his claims, Exhibit A (the "Release") to this Complaint, by which in exchange for the sole consideration of $218,131.48, he released the Railroad Defendants from all claims relating to the June 25, 1984, and June 8, 1986, events.

**8.**

The Release and the consideration documented therein, on its face and in its plain language as drafted by the Railroad Defendants, relates only to the damages associated with the injuries on June 25, 1984, and June 8, 1986.

**9.**

Also on March 30, 1987 Plaintiff signed a statement, Exhibit B to this Complaint, wherein he agreed that he was totally and permanently disabled and that he would not seek to re-enter the services of Norfolk Southern Corporation while totally disabled.  Plaintiff did not resign from the

3

Defendants' railroad and continues to be on the seniority roster as an Engineer.

### 10.

Exhibit B was prepared by the Railroad Defendants.

### 11.

Exhibit B does not contain on its face, or in its language, or by reference to any other document, any expression of and exchange of consideration for this promise by the Plaintiff.

### 12.

Many years after the execution of the statement attached as Exhibit B, Plaintiff underwent a successful surgery, regained his health and ability to perform services as a railroad engineer, was no longer totally and permanently disabled, and asked Defendant NS to allow him to return to his job.

### 13.

Relying on Exhibit B, claiming that it is a valid agreement that prevents Plaintiff from exercising his seniority rights, Defendants have refused Plaintiff's requests that he be allowed to return to his work as an Engineer.

4

**14.**

Defendants insist that Plaintiff surrendered his right to exercise his seniority and return to work for the Defendant NS in Exhibit B.

**15.**

Plaintiff believes that Exhibit B is an unenforceable document, it is inapplicable because Plaintiff is no longer disabled, to the extent it is enforceable, he is no longer disabled, and the document is not an impediment to his ability to pursue his employment via the Railway Labor Act.

**17.**

Plaintiff is at risk of facing claims for attorney's fees and other potential penalties if he proceeds with pursuing his claim that he should be allowed to mark back up as an Engineer so long as the import and viability of Exhibit B is in question.

**18.**

By virtue of the facts alleged herein, an actual controversy exists between Plaintiff and Defendants. The issue of whether Exhibit B is an enforceable agreement given the lack of consideration, and given the fact that Plaintiff is no longer disabled, is in dispute, and consequently, Plaintiff is in a position of uncertainty and insecurity.

WHEREFORE, Plaintiff prays for judgment as follows:

(a)    That Exhibit B lacks consideration and is not an enforceable agreement; or

(b)    That Exhibit B is no longer applicable and does not prevent Plaintiff from returning to work now that he is not disabled;

(c)    That Plaintiff be allowed to exercise his seniority and take such steps are are appropriate to begin the process that will allow him to return to work for the Defendant;

(d)    That Plaintiff recover the costs and attorneys fees associated with the bringing of this action; and,

(e)    That Plaintiff recover such other and further relief as this Court deems just.

This _____ day of January, 2009.

Respectfully submitted,

WARSHAUER POE & THORNTON, P.C.

By: _____
Michael J. Warshauer
Georgia Bar No. 018720
Douglas C. Dumont
Georgia Bar No 232680

3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339
(404) 892-4900
(404) 892-1020 FAX

6

Form GCA. 198-A
(Rev. 36)

**RELEASE**

For the sole consideration of *Two Hundred Eighteen Thousand One Hundr*
*Thirty-One And 48/100* ——————— Dollars ($ *218,131.48* ) paid as follows:

| | |
|---|---|
| By Draft No. *22976* | $ *195,000.00* |
| Railroad Retirement Board Lien | *5,244.50* |
| Railroad Retirement Tax | *5,011.98* |
| Supplemental Sickness Benefits | *.00* |
| Advances | *12,875.00* |
| Other _____ | *.00* |
| Total Settlement | $ *218,131.48* |

receipt of which is hereby acknowledged, I, *Eddie W. Holcomb, Sr.* ,

SSA# *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* , do hereby release and forever discharge Norfolk Southern Corporation,

Norfolk and Western Railway Company, Southern Railway Company and _____

_____

_____

and, to the same extent as if expressly named, their respective subsidiaries and affiliated companies, their leased and operated lines, and all other persons, firms and corporations, all of the respective predecessors, successors, assignees, lessors, officers, directors, agents and employees of the aforesaid released parties, past and present, as well as their heirs and legal representatives, of and from all claims which I have or may hereafter have, for personal injuries, known or unknown, and/or loss of any kind resulting or in any way arising from an accident(s) which occurred

at or near *Chattanooga, Tennessee* , on or about *June 8* , 19 *86*
at or near *Green, Georgia* , on or about *June 25* , 19 *84*
at or near _____ , on or about _____ , 19 ____
and all other accident(s) to date. I understand that the signing of this paper prevents me from making any further claims against the persons and entities described above in connection with said accident(s).

Pursuant to the provisions of the Railroad Retirement Act, the Unemployment Insurance Act and the Retirement Tax Act, the following apportionment is made:

(a) To Time Lost ............................................................ $ *43,964.70*
    (If any sum is allocated to time lost, complete and attach Form GCA 210)

(b) To Other Factors ......................................................... $ *174,166.78*

    Total Settlement ...................................................... $ *218,131.48*

*I have read and understand this release*

Given under my hand and seal on this *30TH* day of *March* , 19 *87* .

*Eddie W. Holcomb Jr.* (SEAL)

WITNESSES TO SIGNATURE:

(1) *Carolyn V. Cat Santi Teller* (2) *J. W. Hollis*
    Name      Name
    Address      Address

Dallas, Georgia

March 30, 1987

TO WHOM IT MAY CONCERN:

I am totally and permanently disabled and agree that I will not seek to re-enter the services of Norfolk Southern Corporation, and, to the same extent as if expressly named, its subsidiaries, parents, affiliated companies and its leased and operated lines, and all of their respective successors and assigns, effective the above date, and that none of such companies are under any obligation to take or retain me in employment in any capacity.

Eddie W. Holcomb Sr.

# General Civil Case Filing Information Form (Non-Domestic)

**FILED IN OFFICE**

FEB 0 6 2009

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Court**
☑ Superior
☐ State

**County** Fulton

**Docket #** 2009CV164484

**Date Filed** _____
MM-DD-YYYY

**Plaintiff(s)**
Holcomb, Eddie W., Sr.

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|--|--------|

**No. of Plaintiffs** 1 _____

**Defendant(s)**
Norfolk Southern Railway Company, F/K/A

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Norfolk and Western Railway Company, and

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Southern Railway Company and

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Norfolk Southern Corporation

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

**No. of Defendants** 1 _____

**Plaintiff/Petitioner's Attorney**      ☐ Pro Se

Warshauer, Michael J.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 018720 _____

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☒ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes   ☐ No

Received via FedEx
to Roger A. Petersen
*Roger A. Petersen* 3-6-09

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

NS LAW DEPARTMENT
MAR 06 2009
NORFOLK

*Eddie Holcomb, Sr.* ) Case No.: _____

_____ )

                 ) **SUMMONS**
     **Plaintiff,**   )
                 )
   vs.           )
*Norfolk Southern Railway* ) **RECEIVED**
*Company*        )
                 ) **FEB 2 0 2009**
     **Defendant** )
                 )
                 )
   ¹             ) **CIVIL PROCESS-BIBB COUNTY**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

*Michael J. Warshauer*
*Warshauer Poe ; Thornton PC*
*3350 Riverwood Pkwy Suite 2000*
*Atlanta Ga 30339*

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____*6th*_____ day of *February* 20 *09*

                         The Hon., Cathelene Robinson
                         Clerk of Superior Court
                         By _____
                              Deputy Clerk

To Defendant upon this petition is served:

This copy of complaint and Summons was served upon you _____, 20___

                         _____
                              Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Civil Action No. _2009CV164484_

Date Filed _2/6/2001_

**RECEIVED**

FEB 20 2009

8930

**CIVIL PROCESS—BIBB COUNTY**

**Attorney's Address**

**Name and Address of Party to be Served**

_Norfolk Southern Railway Corp.,_
_F Kennedy Hall; 71 Mulberry St. 4th Flr_
_Macon, Georgia 31201_

Received via ___ to Bogr___ Petersen

NS LAW DEPARTMENT
MAR 0~ 2009
NORFOLK

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, GWINNETT COUNTY
Fulton

_Eddie W. Holcomb, Sr._
**Plaintiff**

**VS.**

_Norfolk Southern Railway Co F/K/A_
_Norfolk + Western Railway Co. ; Southern Railway_
_Norfolk Southern Corp_
**Defendant**

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**  I have this day served the defendant _____ personally with a copy of the within action and summons

**NOTORIOUS**  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County

Delivered same into hands of _____ described as follows

age, about _____ years, weight, about _____ pounds, height, about _____ feet and _____ inches, domiciled at the residence of defendant

**CORPORATION**  Served the defendant _Norfolk Southern Railway Company_ a corporation by leaving a copy of the within action and summons with _F. Kennedy Hall_ in charge of the office and place of doing business of said Corporation in this County _Registered Agent_

**TACK & MAIL**  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**NON EST**  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court

This _5th_ day of _March, 2009_

_Dep. Jarietta D. Smith_
**DEPUTY**

SHERIFF DOCKET _____  PAGE _____

GWINNETT COUNTY, GEORGIA
Bibb

WHITE  Clerk    CANARY  Plaintiff Attorney    PINK  Defendant

SC-2 Rev.85