UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EDDIE W. HOLCOMB, SR.,** | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **NORFOLK SOUTHERN RAILWAY COMPANY, F/K/A, NORFOLK AND WESTERN RAILWAY COMPANY, AND SOUTHERN RAILWAY COMPANY, and NORFOLK SOUTHERN CORPORATION.** | **CIVIL ACTION FILE NO. 1:09-CV-0891-RWS** |
| Defendants. | |

## REPLY IN SUPPORT OF NOTICE OF REMOVAL

Defendants filed their Notice of Removal in this Court on April 3, 2009. On April 29, 2009, Plaintiff filed a "Response to Notice of Removal," questioning this Court's jurisdiction on both federal question and diversity grounds, and further stating:

> Rather than filing a motion to remand and incurring the time and costs of such a motion, Plaintiff simply files this response to let this Court know its positions and to let it know that Plaintiff is fine with staying in Federal Court

>>as he just wants some court, any court, to resolve this contractual dispute.

[Dkt. No. 3, p. 3].

Because of the peculiar procedural posture created by Plaintiff's filing of the "Response" rather than a Motion to Remand pursuant to 28 U.S.C. § 1447, Defendants file this limited "Reply" in support of their Notice of Removal to highlight the well-grounded bases for federal subject matter jurisdiction in this case. Furthermore, as the proponents of federal jurisdiction, Defendants ask that, if the Court is possibly considering a *sua sponte* remand based in part on Plaintiff's jurisdictional objections in his "Response," the parties be permitted to brief the issue of jurisdiction to provide the Court with the complete legal and factual picture prior to any decision to remand.

Plaintiff's Complaint asks the Court to determine "his ability to pursue his employment via the Railway Labor Act." [Dkt. 1-2, ¶ 15]. By making that request, Plaintiff seeks resolution of a question of federal law. Therefore, this action arises under the laws of the United States, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff's argument that "[t]his case does not seek any determination under the CBA or the RLA" [Dkt. No. 3, p. 2] ignores the plain reality that the question he asks the Court to answer is one that undoubtedly arises under the Railway Labor

Act. While Plaintiff claims that the outstanding issues to be decided under the Collective Bargaining Agreement and the Railway Labor Act are "not ripe or part of this litigation," [Dkt. No. 3, p. 2] that premise must be rejected because Plaintiff's entire dispute with Defendants regards his right to exercise seniority under the NSRC Collective Bargaining Agreement, as limited by the Release he signed. Plaintiff's claim regarding the viability of the Release is an inseparable element of his CBA- and RLA-based dispute with NSRC – a claim that "arises under" federal law for purposes of 28 U.S.C. § 1331.

In addition to possessing original jurisdiction over Plaintiff's claim on federal question grounds, this Court has independent grounds for asserting jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332(a). Plaintiff admits there is diversity between the parties, but disputes that the amount in controversy exceeds $75,000 because he seeks only a declaratory judgment nullifying a portion of the Release he signed. Plaintiff supports his argument against jurisdiction with only one non-binding Fifth Circuit decision issued after Congress established the Eleventh Circuit.

In *MCC Management of Naples, Inc. v. Arnold & Porter, LLP*, a district court recently decided, in accordance with controlling Eleventh Circuit precedent, that the plaintiffs' plea for a declaratory judgment that they were clients of the

defendant law firm met the amount in controversy requirement of 28 U.S.C. § 1332(a) because the "benefit obtained by plaintiffs of obtaining such a declaration is the *ability to proceed*…and establish claimed damages in the millions of dollars *if* plaintiffs succeed." 2008 U.S. Dist. LEXIS 11052, *7-*8 (M.D. Fla. 2008) (emphasis added) (further noting that the "value of the opportunity to sue" exceeded $75,000). In that case, the plaintiffs argued that the value of the declaration they sought was $0, as Plaintiff does here. Plaintiff does not dispute that the value of the position to which he seeks reinstatement exceeds $75,000 per year. In Plaintiff's "Response," he squarely asks the Court to determine "whether [the Release] is an enforceable contract and whether it is an impediment to Plaintiff marking up and attempting to exercise his seniority" and admits that he "seeks the ability to seek a remedy under the CBA and/or RLA." [Dkt. No. 3, p. 2]. The result here must be the same as in *MCC Management*: an exercise of jurisdiction based upon the value of the ultimate result Plaintiff will seek using the requested declaratory judgment as a predicate for the subsequent pursuit of a thing valued in excess of $75,000.

    Therefore, Defendants assert that jurisdiction in this Court is proper on two independent grounds, and there is no basis for remand to state court. Should the current record not fully satisfy the Court that it has jurisdiction over this matter,

Defendants request that they be given an opportunity to provide a more complete briefing on the issue of subject matter jurisdiction.

This the 7th day of May, 2009.

Respectfully submitted,

/s/ Brian M. Herman
E. Scott Smith, Esq.
Georgia Bar No. 656736
Brian M. Herman, Esq.
Georgia Bar No. 910510
FISHER & PHILLIPS LLP
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia 30326
Phone:    (404) 231-1400
Fax:        (404) 240-4249

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this **REPLY IN SUPPORT OF NOTICE OF REMOVAL** conforms to Local Rule 5.1(b) and is prepared in Times New Roman 14 font.

/s/ Brian M. Herman

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2009, I served a copy of the foregoing **REPLY IN SUPPORT OF NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>   Michael J. Warshauer
>   Douglas C. Dumont
>   Warshauer Poe & Thornton, P.C.
>   3350 Riverwood Parkway
>   Suite 2000
>   Atlanta, GA 30339

>   /s/ Brian M. Herman